UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00341-GNS-CHL

ROBERT CORNELIUS                                                                                    PLAINTIFF

v.

CITY OF MOUNT WASHINGTON,
KENTUCKY, et al.                                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 40). This matter is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I.   BACKGROUND

On June 2, 2017, Plaintiff Robert Cornelius ("Cornelius") was sitting on the porch of his residence in Mount Washington, Kentucky.[1] (Second Am. Compl. ¶ 15, DN 27). After observing the lights from emergency vehicles responding to a call on his street, Cornelius allegedly lost consciousness and apparently had a seizure. (Second Am. Comp. ¶ 15). Cornelius' girlfriend, Madelyn Cornman ("Cornman"), yelled for help, and Officers Jessie Bratcher ("Bratcher"), Mike Stump ("Stump"), and Trevor Ford ("Ford") of the Mount Washington Police Department came to assist her. (Second Am. Compl. ¶ 16). Instead of providing medical assistance, Cornelius alleges that Bratcher, Stump, and Ford assaulted him based on the erroneous belief that Cornelius was engaged in an altercation with Cornman. (Second Am. Compl. ¶ 16). The officers allegedly

---

[1] While all three versions of the Complaint list the year as 2016, it appears that the relevant events occurred in 2017.

accused Cornelius of resisting arrest, and at least one officer used a taser to subdue Cornelius. (Second Am. Compl. ¶¶ 16-17). According to Cornelius, he recalls being handcuffed in an ambulance when he regained consciousness. (Second Am. Compl. ¶ 18).

On May 30, 2018, Cornelius filed this lawsuit asserting claims against the City of Mount Washington and Bratcher, Stump, Sergeant Tim Morris, and Chief Roy Daugherty in their individual capacities. (Compl. ¶¶ 6-10, DN 1). In particular, Cornelius asserted a claim for violation of his constitutional rights under 42 U.S.C. § 1983, and state law claims for negligence, battery, and the tort of outage or intentional infliction of emotional distress ("IIED").[2] (Compl. ¶¶ 19-37).

On January 20, 2019, Cornelius moved for leave to file the Second Amended Complaint. (Pl.'s Mot. Leave 1, DN 15). In the Second Amendment Complaint, Cornelius named Ford as an additional defendant sued in his individual capacity. (Second Am. Compl. ¶ 9, DN 27). In addition, Cornelius, asserted an additional Section 1983 claim and an additional state law claim for abuse of process. (Second Am. Compl. ¶¶ 28-31, 47-51).

Ford has moved to dismiss the claims asserted against him. (Def.'s Mot. Dismiss, DN 40). Ford contends that Cornelius has failed to state claim under 42 U.S.C. § 1983 and that the state law claims of negligence, battery, and abuse of process are time-barred. (Def.'s Mem. Supp. Mot. Dismiss 3-9, DN 40-1). In addition, Ford alleges that the Second Amended Complaint fails to state an IIED claim. (Def.'s Mem. Supp. Mot. Dismiss 9-11).

---

[2] In the First Amended Complaint, Cornelius corrected minor errors to the Complaint. (Pl.'s Mot. Leave 1, DN 5).

## II.   JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.  In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(a).

## III.   STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)).  The nonmoving party, however, must plead more than bare legal conclusions.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  In order to survive a Rule 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

## IV. DISCUSSION

### A. Federal Claims

Ford moves to dismiss Cornelius' Section 1983 claim based on the statute of limitations and the sufficiency of the allegations in the Second Amended Complaint. (Def.'s Mem. Supp. Mot. Dismiss 3-8).

#### 1. *Statute of Limitations*

Because Congress did not impose a statute of limitations for Section 1983 claims, federal courts look to the state's personal injury statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 180-81 (6th Cir. 1990). Under Kentucky law, that limitations period is one year. *See id.* at 181-82 (discussing the application of KRS 413.140(1).

In contrast, federal law determines *when* the statute of limitation accrues. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (internal citation omitted) (citing *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1986)). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier*, 742 F.2d at 273). "In applying a discovery accrual rule . . . discovery of the injury, not discovery of the other elements of the claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). Thus, "[a] plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (quoting *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995)).

Cornelius argues that the statute of limitations for his Section 1983 claim against Ford did not accrue until Cornelius discovered that he had a claim against Ford on August 2, 2018. (Pl.'s Resp. Def.'s Mot. Dismiss 3-4). Cornelius's reliance on *Drake v. B.F. Goodrich Co.*, 782 F.2d 638 (6th Cir. 1986), in asserting that the limitations period was tolled until he identified Ford, is misplaced. In *Drake*, the Sixth Court discussed the accrual of Kentucky claims—not federal claims—under Kentucky law. *See id.* at 641.

As a sister court has explained as to the accrual of a federal claim:

> "The law of limitations [in a § 1983 case] focuses on the event that caused [the plaintiff's] harm, not on the identity of the perpetrator of the harm." "Federal procedural law provides that a plaintiff need not be aware of every detail or person involved in causing his injury for the limitations period to commence." "Accrual simply does not await identification of a particular wrongdoer."

*Bohler v. City of Fairview*, No. 3:17-cv-1373, 2018 WL 5786234, at *7 (M.D. Tenn. Nov. 5, 2018) (alterations in original) (internal citations omitted) (citation omitted); *see also Easterly v. Budd*, No. 4:06 CV 00186, 2006 WL 2404143, at *8 (N.D. Ohio Aug. 18, 2006) ("While the Plaintiff purportedly lacked knowledge as to the entire scope of persons involved in his injuries until April 6, 2004, the Plaintiff concedes that he knew the identity of at least five of the deputies involved in the use of excessive force at the time of his injuries. Accordingly, any Section 1983 claim arising from the events of December 28, 2001 is barred by the [] [] statute of limitations." (internal citation omitted)). Thus, when Cornelius knew of his injuries and identified some of the officers allegedly responsible for those injuries, his Section 1983 claim accrued. Accordingly, Cornelius' Section 1983 claim against Ford is time barred, and the motion will be granted on this claim.

B.   **State Law Claims**

Ford also seeks dismissal of Cornelius' state law claims on the grounds of the statute of limitations and insufficient allegations. (Def.'s Mem. Supp. Mot. Dismiss 8-11).

1. *Statute of Limitations*

Ford contends dismissal of Cornelius' state law claims of negligence, battery and abuse of process as untimely due to a one-year statute of limitations under Kentucky law. (Def.'s Mem. Supp. Mot. Dismiss 8-12). While Cornelius agrees that a one-year statute of limitations applies to those claims, he argues that the limitations period was tolled under Kentucky law until he knew Ford's identity due to the discovery rule. (Pl.'s Resp. Def.'s Mot. Dismiss 4-5).

Summarizing Kentucky law, this Court has explained:

> "[T]he discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered." "[T]he discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." "A person who has knowledge of an injury is put on 'notice to investigate' and discover, within the statutory time constraints, the identity of the tortfeasor."

*Jeffries v. Thermal Fischer Sci.*, No. 1:07CV-192-JHM, 2009 WL 3807103, at *3 (W.D. Ky. Nov. 12, 2009) (alteration in original) (internal citations omitted) (citation omitted).

In this instance, Cornelius has neither argued nor identified any way in which Ford's identity was concealed or mispresented. Thus, Cornelius' claims for negligence, battery and abuse of process against Ford are barred by the one-year statute of limitations, and the motion will be granted as to these claims.

2. *Sufficiency of Allegations*

In his motion, Ford contends that the allegations to support of the IIED are insufficient and that the IIED claim is precluded by one of the traditional torts that Cornelius has also asserted. (Def.'s Mem. Supp. Mot. Dismiss 9-11). Cornelius did not address Ford's arguments.

Under Kentucky law, IIED claims are generally disfavored and not available when a plaintiff may assert another traditional tort. *See Lee v. Hefner*, 136 F. App'x 807, 814 (6th Cir.

2005) (citing *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993)). An exception exists, however, when a defendant's conduct was "intended only to cause emotional distress . . . ." *Brewer v. Hillard*, 15 S.W.3d 1, 7-8 (Ky. App. 1999) (internal quotation marks omitted); *see also Green v. Floyd Cty.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011) ("The tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." (citing *Brewer*, 15 S.W.3d at 7-8)).

In the Second Amended Complaint, however, Cornelius has not satisfied the requirements for an IIED claim under Kentucky law. While he has alleged that the conduct was intentional, resulted in injury, and was severe, he failed to allege that such conduct was solely intended to cause extreme emotional distress. (Compl. ¶¶ 44-46). The Court will dismiss this claim in Count VI of the Second Amended Complaint.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 40) is **GRANTED**, and Plaintiff's claims against Defendant Trevor Ford are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

October 30, 2020

cc:    counsel of record